■ CEES RESTAURANT, INC., Appellant, v. ROBERT L. LOBDELL, Individually and Doing Business as LOBDELL AGENCY, et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. Memorandum: We agree with the conclusion of the trial court that the proof failed to establish that defendant insurance company acting through its agent, defendant, Lobdell, orally agreed to bind an insurance risk resulting in a contract that would require defendants to respond in damages for a fire that occurred a few hours thereafter. The two individuals who were the sole stockholders and principal officers of plaintiff corporation planned to lease a building that was being renovated and to operate a business therein. These individuals over a considerable period of time had discussed an extensive insurance program with defendant, Lobdell. They were undecided, however, whether to place the insurance through Lobdell in Canandaigua or through another agent with whom they previously had done business in Rochester. A decision was reached on May 4, 1962, a Sunday, but Lobdell, could not be reached by telephone. A third party (McWilliams) was authorized to communicate the decision to Lobdell. The resulting telephone conversation between Lobdell and McWilliams is the crucial issue in the case. The latter testified that he called Lobdell and said "that he (Lobdell) had the insurance on the restaurant." Lobdell replied that "he was very happy about the situation." We concur in the view of the trial court that this brief conversation, which is the only proof on the subject, was insufficient to base thereon a finding that either or both defendants thereby were covering all of the discussed risks from that moment forward as alleged in the complaint with its demand for specific performance of the agreement. This view is fortified by the fact that in addition to fire insurance the program

envisoned many other kinds of insurance some of which Lobdell could only have placed as broker (or plaintiff's agent) with other insurance companies. A holding that this ambiguous telephone conversation on a Sunday evening resulted in a contract by which defendants, or either of them, agreed that plaintiff was covered from that moment on with at least eight various types of insurance with premiums totaling nearly $3,000 would only be justified upon substantially stronger proof than was presented herein. All concur, except Williams, P. J., and Noonan, J., who dissent and vote to reverse and to declare judgment in favor of plaintiff in accordance with the following Memorandum: The undisputed evidence established that the individual defendant was the agent of the corporate defendant and as such effectively bound his principal to issue a policy or policies covering losses incurred as the result of fire. Such a declaration should have been made. The judgment in favor of the corporate defendant should therefore be reversed and the matter remitted to Trial Term to determine the type and extent of coverage and the amount of damage. (Appeal from judgment of Monroe Trial Term for defendants in an action under fire insurance.) Present— Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.